JOHN W. HOBBS *vs.* ELIJAH L. MOORE, and another.

Waldo.    Opinion August 11, 1894.

*Prom. Note.    When and how payable.    Trucking.*

The legal construction of a note payable twenty-four months after date, in monthly payments, without interest, payable in trucking, is, that the monthly payments are to be made in the consecutive months immediately following the date of the note, so that the whole amount will be paid in twenty-four months after its date.

*Held,* that if the payee furnished the trucking to be done in such months, and the defendants neglected or refused to do it, an action may be maintained upon the note for such monthly payments, before the expiration of twenty-four months from its date.

ON REPORT.

The case is stated in the opinion.

*W. P. Thompson,* for plaintiff.
*Jos. Williamson,* for defendants.

SITTING : PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

STROUT, J.    Action upon the following note :

"West Winterport, Jan. 14, 1893.

"Twenty-four months after date, for value received, we jointly and severally promise to pay to John W. Hobbs or order, two hundred and fifty dollars in monthly payments without interest, to be paid in trucking."

The writ is dated October 28th, 1893.

The legal construction of the note must be had from the note itself.    By its terms, the amount of two hundred and fifty dollars was to be wholly paid in twenty-four months after its date, and it was to be paid in monthly payments.    To give effect to all the terms of the note, the monthly payments must be construed as the consecutive months immediately following the date of the note, so that if payments in trucking were in each month following the date, the whole amount of the note would be paid at the expiration of twenty-four months.    Any other construction,

would require no payment till the expiration of twenty-four months, and if the monthly payments commenced after that time, the note furnishes no means of determining how much each monthly payment should be, nor how many months defendants might claim within which to make payment, and the absolute promise to pay the whole in twenty-four months would be inoperative. The parties could never have contemplated such a result, and the terms of the note do not require it. It will be noticed that the note is without interest. We think the legal construction must be the same as if the note read, within twenty-four months after date, etc. *Ewer* v. *Myrick*, 1 Cush. 16.

The plaintiff was bound to furnish trucking to be done by the defendant monthly, and in such amounts as would enable him to fulfill his contract. The evidence is that plaintiff did have, continually, for months before the suit, trucking for defendant to do and requested him to do it, but he refused.

The action is maintainable ; and, according to the terms of the report, the case is to be remanded to the court at *nisi prius* for assessment of damages, and it is so ordered.

*Action to stand for trial.*